DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:02-CR-102-HRH |
| ) | |
| Plaintiff, ) | **UNITED STATES' SUMMATION** |
| ) | |
| v. ) | |
| ) | |
| JULIO REYES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  COMES NOW, the United States of America, by and through counsel, and hereby files its summation pertaining to the January 10, 2006 evidentiary hearing in this matter.

  On February 2, 2006, the undersigned received Movant's Summation; originally, the parties' summations were to be filed simultaneously (on January 27, 2006). However, Movant's Summation indicates that an extension motion was filed. The undersigned has not seen such a motion, but was aware that movant's counsel was having difficulty obtaining a

transcript of the January 10 evidentiary hearing. The undersigned apologizes for any inconvenience to the Court or to movant caused by the brief delay in waiting for movant's summation to be filed; in the interest of fairness, the government waives any timeliness objection to movant's reply to this summation. Furthermore, if the Court wishes to do so, this summation may simply be treated as the United States' reply.

This is largely a case of credibility. The January 10 evidentiary hearing indicates that Mr. Walker was a more credible witness than Mr. Reyes. Mr. Reyes admitted during his plea colloquy that he and Mr. Walker had reviewed the draft and final versions of the PSR, wherein the statutory mandatory minimum was noted and no safety valve relief was proposed. Reyes made further admissions as to those same provisions in his Plea Agreement, e.g., at pages 7 and 15, and acknowledged his signature to the Plea Agreement.

Further undermining Mr. Reyes' credibility was his testimony about what he expected his sentence to be. He said that as late as one day before sentencing, Walker advised him that he would receive between 36 and 48 months' incarceration. At other times and in written submissions to this Court, Reyes claimed that he would receive 18 months if he chose not to cooperate, and less than that if he cooperated. Reyes repeatedly admitted signing the Plea Agreement, which called for a sentence of 60 months, but claimed that he "did not remember" going over the Plea Agreement with Mr. Walker. Mr. Walker, on the other hand, credibly testified that he did go over the Plea Agreement, including its 60-month sentence

calculation and the lack of safety valve relief, with Mr. Reyes.

Finally, it must be noted that Reyes' written submission to this Court originally made the argument that the crucial dialogue (concerning the continuing availability to Mr. Reyes of an opportunity to try to qualify for safety valve relief) between the parties and Judge Holland at the end of the change of plea hearing was all a misunderstanding. That is, Mr. Reyes argued that he thought Mr. Walker, the attorney, as opposed to Mr. Reyes, had to do something further to gain safety valve relief. Mr. Reyes did not even mention this "misunderstanding" at the evidentiary hearing – and therefore, the Court has no evidence before it to support any argument that Mr. Reyes' guilty plea was tainted by ignorance or misunderstanding. In fact, the evidence suggests that he knew exactly what the parties were talking about – that Mr. Reyes would need to cooperate in order to receive a sentence below the mandatory minimum five years – and Mr. Reyes chose not to.

Mr. Reyes has failed to even approach satisfying his burden of demonstrating that his plea agreement, guilty plea, and sentence were somehow tainted by his lack of knowledge

//

//

concerning operation of the safety valve and his ultimate sentence. In fact, those issues were openly discussed, on the record, and the January 10 evidentiary hearing established nothing to the contrary.

DATED this 3rd day of February, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney


        s/ James Barkeley
        JAMES BARKELEY
        Assistant U.S. Attorney
        222 W. 7th Avenue, #9, Room 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-3699
        Fax: (907) 271-1500
        Email: jim.barkeley@usdoj.gov
        Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2006, a true and
correct copy of the foregoing was served electronically on:

WILLIAM C. BROBERG
Law Office of William C. Broberg
P.O. Box 78562
Seattle, WA 98178

s/ James Barkeley