HONORABLE H. RUSSEL HOLLAND

WILLIAM C. BROBERG
Attorney for Julio Reyes
Law Office of William Broberg
P.O. Box 78562
Seattle, WA  98178
(206)264-1992 -  voice
(206)264-0406 – fax
williambroberg@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Case No.  A02-0102 CR (HRH) |
| ) | |
| Plaintiff,     ) | DEFENDANT-MOVANT'S OBJECTIONS |
| vs.     ) | TO THE MAGISTRATE JUDGE'S INITIAL |
| ) | REPORT AND RECOMMENDATION |
| JULIO REYES,     ) | |
| Defendant-movant.     ) | |

Introduction

Magistrate Judge Roberts presided over an evidentiary hearing in this matter on January 10, 2006.  The court heard evidence from two witnesses, the defendant-movant and his previous attorney, Herman Walker.  At the hearing, the Court granted leave for the parties to exchange simultaneous summations.  On May 2, 2006, Magistrate Judge Roberts issued a "Recommendation Regarding Motion to Vacate."  Dkt. # 309.  The defendant-movant respectfully submits the following objections.[1]

---

[1] These objections utilize the follow format:  "OBJECTION X  - [Pertinent Pages of Recommendation Objection pertains to]".  This document utilizes the following abbreviations throughout:  "EH" refers to the

1

- OBJECTION 1 – Pages 7 – 10.  The section titled "Plea Agreement" is at once incomplete and does not include relevant, material, and in some cases, even <u>undisputed,</u> evidence from the record.  For instance, the findings nowhere talk about, or otherwise mention, Mr. Walker's use of an interpreter that had never interpreted in relation to a federal criminal proceeding before and was not a professional interpreter to Mr. Walker's knowledge (<u>see</u> EH p. 33, lns. 20-24), nor does this section acknowledge the utter lack of, and absence of, evidence that Mr. Walker, did, could have[2], or has ever claimed, even, to have explained the plea agreement to Reyes beyond having his inexperienced interpreter read it to Mr. Reyes in Spanish.  <u>Id</u>.  The evidence received, and in the record is to the contrary of these findings.  Moreover, this section of the report is flawed because it's tone, at best, glosses over the parts of the record that support Mr. Reyes claims about his struggle to understand what was happening, his own lawyer's knowledge that he was struggling to understand, and the lawyers inaction and compounding of the problem by not preparing Mr. Reyes consistent with standards such as the ABA's regarding Criminal Justice, which the

---

transcript of the January 10, 2006 Evidentiary Hearing; "CP" refers to the transcript of the Change of Plea hearing; "ST" refers to the transcript of the December 4, 2003 sentencing proceeding.  "App." refers to the Appendix of case documents formerly filed herein.

[2] Most troubling about this Recommendation and addressed further at below is how the Magistrate could not credit Mr. Walker's own testimony on his own knowledge of the law, thus rendering invisible, one of the most probative pieces of material gleaned at the evidentiary hearing.  That is how Mr. Walker could not explain, when asked, what the "safety valve" was and how it operated.  This fact, alone, is devastating to the government's legal position regarding Mr. Reyes's former representation.  <u>See</u> Summation at p. 4-5; EH at p. 39, lns. 6-8.  This is error under any standard of review.  <u>See e.g.</u>, <u>Sims v. Brown</u>, 425 F.3d 560, 591 (9th Cir. 2005), Amended by, Rehearing denied by, Rehearing, en banc, denied, 430 F.3d 1220 (9th Cir. 2005), Reprinted as amended at 2005 U.S. App. LEXIS 26806 (9th Cir. Dec. 8, 2005) ("The district court's determination that Sims inquired about 'why Perkins was there, and his authority for being there' is unsupported by the record. Indeed, the pages cited by the district court demonstrate that Perkins understood Sims's questions to be related to 'purely extradition.' Despite this understanding, Perkins continued to speak of subjects far afield from extradition. The district court's factual finding in this regard is clearly erroneous.")

    Magistrate Judge, was fully informed of by us, though silent about in his recommendation, see Memorandum of Law in Support of First Amended Petition at pp. 15 - 18, which the Supreme Court has looked to for establishing benchmarks for deficient performance, id..

- OBJECTION 2 – Pages 7 – 10. The findings further suffer from simply imputing perfect knowledge of the English language contents of a complex legal document to a native Spanish speaker who has little education, where other parts of the record, like Mr. Reyes's own statements in court[3] demonstrating a profound lack of understanding of the consequences of his guilty plea at his Change of Plea hearing (CP p. 11, lns. 8-9) and evidence received at the evidentiary hearing cannot support the implied finding, in this section, that somehow Mr. Reyes could have, or should have, understood the contents of this "foreign language" document (to him), completely, based, in no small way, on the flawed way it was presented to him by an inexperienced interpreter. Indeed, how could that be possible when it is pellucidly clear that his lawyer did not understand the sentencing options available to the court as late as the August 2003, change of plea (CP p. 25, lns. 13-18), and in his December 2003 sentencing memorandum and in his argument to the court at sentencing. When Mr. Walker was asked point blank, at the evidentiary hearing whether he recalled if a mandatory minimum was involved, he did not.

- OBJECTION 3 – At page 11 of the recommendation, the magistrate judge says there was no factual basis for Mr. Reyes believing that even if he signed a plea agreement with a sentence estimate of 60 months that it was still possible he would get less.

---

[3] Solemn statements in open court are entitled to a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979)

We object to this finding because as both a matter of law and fact and the evidence received herein this belief was reasonable. First, Mr. Walker argued for a lesser sentence nothwithstanding the language in the plea agreement about 60 months in his own sentencing memorandum. See Sentencing Memorandum at App. 49 - 54. Thus, if the lawyer thought he could get a lesser sentence and argued for it even with illegal bases, why is it so unreasonable or unsupportable that the client would believe that too. Second, notwithstanding Mr. Reyes's confusion about the sentence

- OBJECTION 4 - On p. 12 of the recommendation we object to as contrary to the evidence and reasonable inferences therefrom, in particular, this objection goes to every statement on the page past the first full sentence through the end. First, there are two findings we object to as being against the evidence, and, indeed, undisputed by the government. These findings start seven lines up from the bottom of the page with the sentence that begins, "I conclude that Reyes rejected …" and run to the end of the page. First, there was absolutely no evidence from the government or Mr. Walker or Mr. Reyes for that matter, besides a comment from counsel for the government, which is not evidence that Mr. Reyes *ever knew* before the time of receipt of his plea agreement, July – August 2003, that the government was not satisfied with Mr. Reyes's proffer from six months before in February 2003. Second, Mr. Reyes's testimony about the 18 month estimate, first mentioned to him around the February 2003 proffer and has not been contradicted by the government or Mr. Walker, and, indeed, is even supported in one way, by Mr. Walker's testimony. See EH p. 58, lns. 1-6.

- OBJECTION 5 [throughout] - The recommendation in many, many other places simply ignores or discounts direct unchallenged evidence and draws unsupportable conclusions.

- OBJECTION 6 [thoughout] – The recommendation suffers ultimately because it ignores Mr. Walker's own testimony from the evidentiary hearing where he could not explain, when asked, what the "safety valve" was and how it operated. This fact, alone, should be devastating to the government's legal position regarding Mr. Reyes's former representation and should cause this court great concern about accepting this recommendation. See Summation at p. 4-5; EH at p. 39, lns. 6-8. Because, as a matter of both law and logic, how can it be that Mr. Walker, who by his own admission, did not understand the law he was charged with counseling his client about, still be found to have rendered legal assistance consistent with the Sixth Amendment? Moreover, we object to the factual portrayal and legal conclusions of the recommendation because how can Mr. Walker, who essentially thinks the "safety valve" requires a government motion and is one and the same with U.S.S.G. Section 5K1.1, and by his own testimony acknowledges that he never used the words "safety valve" but instead the word "cooperate" when speaking with his client, be found to have fully advised his client about such matters where then Mr. Reyes could be said to have a made a fully informed choice about not pursuing the safety valve.

In sum, this Court should set aside the Recommendation *in toto,* conduct a *de novo* assessment of the evidence presented and grant Mr. Reyes's motion or set this matter down for another evidentiary hearing.

Respectfully submitted this 24th day of May, 2006.

_____/S_____

WILLIAM BROBERG, WSBA# 29319

Certificate of Service

I hereby certify that on May 24, 2006 a copy of the foregoing Objections was served electronically on the attorney for the United States in this matter.

s/ William Broberg