UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br>JULIO REYES,<br><br>　　　　　　Defendant. | 3:02-CR-00102-02-HRH-JDR<br><br>**FINAL RECOMMENDATION REGARDING<br>MOTION TO VACATE<br>( § 2255)**<br><br>(Docket Entry 216, 309) |

Defendant Julio Reyes has timely filed objections to the recommendation addressing his motion for relief pursuant to 28 U.S.C. § 2255. *See*, Objections at Docket Entry 358. The government did not file a reply. Upon due consideration of the objections, the magistrate judge declines to modify his recommendation that the motion to vacate lacks merit and should be denied. However, a few comments on the objections appear appropriate.

In his objections, Reyes complains that his trial attorney, Herman Walker, used an inexperienced interpreter who was not a professional interpreter

and inferentially was inadequate to provide meaningful communications between the defendant and his attorney. Mr. Walker always came to Reyes at the jail facility with an interpreter, Karin Otaequi. Transcript of Evidentiary Hearing January 10, 2006, hereinafter Tr., pp. 13, 33. The interpreter previously had been used in the State court system. Tr. 55. Mr. Walker perceived that Mr. Reyes understood the interpreter. Tr. 34. It was also Mr. Walker's opinion that Reyes understood the plea agreement when it was translated into Spanish. Tr. 41. Mr. Walker went over the plea agreement and pre-sentence report with Mr. Reyes by use of the interpreter. Tr. 50, 52. At the evidentiary hearing, Reyes claimed that he did not understand the interpreter very well, yet he never complained to the court or to Mr. Walker, his attorney, about the interpreter.

In his objections, Reyes complains that Walker could not explain what the "safety valve" was and how it operated when he testified at the evidentiary hearing. That Walker never used the term "safety valve" with Reyes does not mean that the attorney did not explain to Reyes what he had to do in order to be eligible for the safety valve reduction at sentencing. *See*, Tr. 54. Mr. Walker told Reyes that he needed to cooperate with the government agents to be eligible for a sentence under sixty months. Tr. 14. Incredulously, Reyes testified at the evidentiary hearing that he did not know what was meant by "cooperating" with the government. Tr. 14. Reyes faults Walker for not telling him what he needed to tell the government agents. Tr. 16. On cross-examination at the evidentiary hearing, Reyes

acknowledged that he had signed a plea agreement "regarding the safety valve." Tr. 19. Reyes' present attorney, William Broberg, faults Walker for not talking to Reyes' co-defendants to learn what they told the government agents in their debriefings. Mr. Walker explained at the evidentiary hearing that the attorneys for the co-defendants would not allow their clients to be interviewed by Walker, even though the co-defendants had been debriefed by the government. Tr. 37, 38. As the recommendation found, Mr. Walker had a sufficient understanding of what Reyes needed to tell the agents at debriefing. Tr. 42, 57. Mr. Walker gave an adequate explanation at the evidentiary hearing of the term "safety valve." Tr. 39, 43.

Reyes argues in his objections that Mr. Walker did not adequately explain the plea agreement to him, particularly what sentence might be imposed at sentencing. Reyes claims that prior to sentencing Walker did not give him any estimate of what his sentence would be. Tr. 14. Reyes claims that when he signed the plea agreement Walker explained to him that he could receive a sentence between 36 and 48 months, Tr. 27, and that if he cooperated, he could get "less than 18 [months]." Tr. 28. This testimony was rejected by the magistrate judge in the recommendation as not credible in light of the contradictory testimony by Mr. Walker. At the evidentiary hearing, Reyes testified that his attorney told him if he "cooperated" he would get less than 18 months, and "if he did not, he would get 18 months." *See*, Tr. 22-23. Yet Reyes testified at the same hearing that he did not mention this discrepancy to the district judge at sentencing because he "did not think

it was important." Tr. 21. Mr. Walker's testimony which the recommendation found credible was that Walker did not inform Reyes that he would get an 18-month sentence, even if he did not cooperate. Mr. Walker went over the plea agreement with Reyes which discusses sixty months, not 18 months. Tr. 41. Mr. Walker prepared Mr. Reyes for receiving a five-year sentence. Tr. 58. Reyes did not question Walker about an 18-month sentence. Tr. 48. The recommendation concludes that Mr. Walker's knowledge of the sentencing options fell within the normal range of understanding for an attorney practicing criminal law before the federal court. *See also*, Tr. 51.

Mr. Reyes' first debriefing session was called off by Reyes himself. Tr. 44. It was Mr. Walker's perception that Reyes did not want to engage in any further debriefing. Tr. 47. The plea agreement specifically stated (p. 7) that the government was of the opinion that Reyes did not qualify for the safety valve. Tr. 45.

Wherefore, based upon the initial recommendation and this final recommendation, the court should deny the Motion to Vacate, Docket Entry 309.[1] The motion is referred to the assigned district judge for his determination.

DATED this 5th day of June, 2006, at Anchorage, Alaska.

      /s/ John D. Roberts
      JOHN D. ROBERTS
      United States Magistrate Judge

---

[1] Defendant's initial § 2255 Motion to Vacate was filed at Docket No. 216; his First Amended § 2255 Motion to Vacate was filed at Docket No. 309.